UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMPASS PRODUCTIONS INTERNATIONAL, LLC,

        Plaintiff,

vs.

CHARTER COMMUNICATIONS, INC.,

        Defendant.

Case No. 1:18-cv-12296 (VM)

Judge: Victor Marrero

# STIPULATED PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby **ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The party producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    (a) proprietary business information;

    (b) competitively sensitive information;

    (c) business plans, product development information, or marketing plans;

    (d) non-public commercial, financial, research, or technical information, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G) including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins;

    (e) material relating to ownership or control of any non-public company;

(f) any information of a personal or intimate nature regarding any individual; or

(g) any other category of information hereinafter given confidential status by the Court.

3. Confidential Discovery Material does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such portion as "Confidential" by stamping or otherwise substantially marking as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing party or that party's counsel may indicate on the record that it is designating the deposition Confidential, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing party realizes that some portion[s] of Discovery Material that that party previously produced without limitation should be designated as Confidential, the party may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

6. No party subject to this Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as Confidential to any other party whomsoever, except to: (a) the parties to this action and their in-house counsel; (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter; (c) as to any document, its author, its addressee, and any other party indicated on the face of the document as having received a copy; (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; (e) any person retained by a party to serve as an expert witness, consultant, or otherwise to provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; (f) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (g) any mediator the parties engage or the Court appoints; and (h) the Court and its support personnel.

7. Counsel shall be responsible for the adherence by experts, consultants, witnesses, and third-party vendors, including those who fall into categories (d), (e), and (f) of Paragraph 6, to the terms and conditions of this Protective Order. Prior to any disclosure of any

Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) or 6(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. ~~All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.~~

   **\*\* see page 5**

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties are unable to reach an agreement after fourteen (14) days, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. Until any dispute under this Paragraph is ruled upon by the Court, the producing party's designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a producing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The producing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing party, or, upon permission of the producing party, destroyed.

17. It is ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any parties(s) injured by a violation of this Protective Order are fully reserved. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

18. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Protective Order.

Date: January 8, 2019

Stipulated to:

 /s/ Jonathan E. Neuman
Jonathan E. Neuman
176-25 Union Turnpike, Suite 230
Fresh Meadows, NY 11366
(347) 450-6710
jnesq@jenesqlaw.com

*Counsel for Plaintiff Compass Productions International, LLC.*

 /s/ Judson Brown, P.C.
John P. Del Monaco
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
John_DelMonaco@kirkland.com

Jeffrey S. Powell, P.C. (*pro hac vice*)
Judson Brown, P.C. (*pro hac vice*)
Devin S. Anderson (*pro hac vice*)
K. Ross Powell (*pro hac vice*)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
jpowell@kirkland.com
jdbrown@kirkland.com
devin.anderson@kirkland.com
ross.powell@kirkland.com

*Attorneys for Defendant Charter Communications, Inc.*

**TO STIPULATION, IT IS ORDERED** that the forgoing Agreement is approved, **as modified \*\***

Dated: 1/9/20

Barbara Moses, U.S.M.J.

**\*\* Paragraph 8 is modified as follows: Any party seeking to file Confidential Discovery Material, or any pleadings, motions, or other papers that disclose such Confidential Discovery Material, under seal, shall follow the individual rules and practices of the judge to whom the filing is directed concerning the filing of materials under seal. The Parties will use their best efforts to minimize such sealing.**

<u>Exhibit A</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMPASS PRODUCTIONS INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 0:18-cv-12296 (VM)<br><br>Judge: Victor Marrero |

## **NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Signature: _____

Printed Name: _____

Date: _____