USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/24/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMPASS PRODUCTIONS
INTERNATIONAL LLC,

    Plaintiff,

-against-

CHARTER COMMUNICATIONS, INC.,

    Defendant.

18-CV-12296 (VM) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during the discovery conference held on January 23, 2020, it is hereby ORDERED that:

1. <u>ESI Searches</u>. No later than **January 31, 2020**, Compass shall disclose to Charter, in writing, the following information concerning the search(es) Compass has performed for electronically stored information (ESI) responsive to Charter's discovery requests: (a) the custodian(s) whose ESI was searched; (b) the devices (*e.g.*, laptop, cellphone) searched; (c) the accounts or databases searched (*e.g.*, gmail account, C drive, shared drive(s)); (d) the search terms used (including whether all terms were searched across all custodians, devices, accounts, and databases); and (d) the person(s) who conducted the search(es). In addition, Compass shall state (e) when its former employees Steven I. Weiss and Rebecca Honig-Friedman left Compass's employment; (f) whether their devices, accounts, and databases were preserved (or are recoverable); and (g) if so, on what schedule Compass proposes to search for and produce documents from such devices, accounts, and databases. For avoidance of doubt, Compass is directed to include Weiss and Honig-Friedman as custodians, if possible, for purposes of searching for ESI responsive to Charter's discovery requests.

2. Substantial Completion Deadline. No later than **February 17, 2020**, the parties shall substantially complete their obligations in response to all pending written discovery, including by producing all remaining responsive and non-privileged documents (some of which are specifically addressed below in §§ 3(a)-(b)); supplementing their Fed. R. Civ. P. 26(a), 33, and 34 written responses as needed; and serving privilege logs in compliance with Local Civil Rule 26.2.

3. Additional Document Production. To the extent the parties have not resolved the disputes outlined in their joint letter dated January 6, 2020 (Dkt. No. 26) among themselves, those disputes are resolved as follows:

   a. Regarding Charter's First Set of Requests for the Production of Documents (RFPs) (Dkt. No. 26-1) and First Set of Interrogatories (Interrog.) (Dkt. No. 26-2)

      i. Compass's Corporate Structure and Employees (RFP 7, Interrog. 3). Compass shall produce documents sufficient to show that it owns or controls The Jewish Channel (TJC).

      ii. Documents and Information Relevant to Damages (RFPs 12-17, 43, 52-53, Interrog. 14). For the time period January 1, 2015 to the present (including portions of 2014 if Compass uses a financial or budget year different from the calendar year), Compass shall produce all financial statements, proposals, projections, business plans, budgets, communications, and other documents (whether in draft or final form) regarding (1) its actual revenues, expenses, profits, and losses from TJC's Subscription Video on Demand

(SVOD) arrangement with Charter and/or Time Warner Cable (TWC); (2) its anticipated revenues, expenses, profits, and losses from TJC's anticipated linear channel arrangement with Charter and/or TWC, including, without limitation, revenues, expenses, profits, and losses incurred or anticipated in connection with (i) the transition from the SVOD model to the linear model and (ii) advertising via the linear model. In addition, Compass shall produce all documents supporting or discussing its contention that, had Charter performed under the parties' alleged oral contract, other multichannel video programming distributors "would have followed Charter and offered TJC linear carriage for a fee." (Dkt. No. 26 at 20.)

    iii. Documents and Information Regarding TJC's Suitability for and Efforts to Transition to Linear Carriage (RFPs 15-17, 43-45, 52, Interrogs. 17-18, 20). Compass shall supplement its interrogatory responses to provide Charter with a list of the TJC programs available in 2015 and 2016, including, as to each program, its run time and whether TJC produced that program itself or licensed it from a third party.

b. Regarding Compass's First Notice of Demand for Production of Documents (RFPs) (Dkt. No. 26-4)

    i. Documents Between Charter and the FCC (RFP 7). Charter shall produce communications and documents sent to or received from

the FCC relating to the merger with TWC which specifically mention either TJC or "Jewish" channels.

    ii. Documents Related to the Termination of Compass's Carriage (RFPs 29, 30). Charter shall produce all internal communications from January 1, 2018, through September 30, 2018, concerning the basis or bases for its decision to terminate Compass's carriage.

    iii. Documents Related to Audio Recordings (RFP 31). Charter shall search for and produce all voicemails responsive to RFP 31 left by or for custodian Allan Singer (from January 1, 2015 through the date of his departure from Charter) and custodian Eric Goldberg (from the date of Allan Singer's departure from Charter through December 31, 2017).

c. Except as expressly stated herein or as agreed between the parties, all relief sought in the joint letter dated January 6, 2020, is DENIED.

4. Extension of Pretrial Deadlines. The deadlines set forth in the previously-issued Civil Case Management Plan and Scheduling Order (Dkt. No. 23) are EXTENDED as follows:

    a. Depositions and Additional Fact Discovery. All remaining fact discovery, including depositions, shall be completed no later than **April 10, 2020**.

    b. Expert Discovery. Disclosure of expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), shall be made no later than **May 15, 2020**. The disclosure of expert evidence intended solely to contradict or rebut expert evidence on

the same subject matter disclosed by the opposing party shall be made no later than **June 19, 2020**. Depositions of experts shall be completed no later than **July 24, 2020**.

    c.    Close of Discovery. All discovery shall be completed no later than **July 24, 2020**.

    d.    All other provisions of the original Civil Case Management Plan and Scheduling Order, including the limitations on the number and length of depositions, remain in effect.

5.    Status Conference. Judge Moses will conduct a status conference on **March 19, 2020, at 10:00 a.m.** One week prior to that date, on **March 12, 2020**, the parties shall submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. If no discovery or scheduling controversies exist at that time, the parties may request that the conference be held telephonically.

6.    Settlement Conference. At the request of the parties, a settlement conference is scheduled before Judge Moses on **April 14, 2020, at 2:15 p.m.** A separate order will issue concerning the conduct of the conference and the parties' pre-conference responsibilities.

7.    Summary Judgment/Joint Pretrial Order. The parties' pre-motion letters with respect to summary judgment and/or their joint pretrial order shall comply with the individuals practices of the district judge.

Dated: New York, New York
January 24, 2020

SO ORDERED.

_____
BARBARA MOSES
United States Magistrate Judge