# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Judson Brown, P.C.
To Call Writer Directly:
+1 202 389 5082
jdbrown@kirkland.com

1301 Pennsylvania Avenue NW
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

April 9, 2021

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/14/2021
```

**Via Electronic Filing**

The Honorable Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York  10007-1312

Re: *Compass Prods. Int'l LLC v. Charter Commcn's, Inc.*, No. 1:18-cv-12296 (S.D.N.Y.)

Dear Judge Marrero:

We write on behalf of Charter Communications, Inc. ("Charter").  Pursuant to Your Honor's Individual Rules of Practice II.H., we write respectfully to request that Charter's Memorandum in Support of Summary Judgment, Statement of Material Facts in Support of Defendant's Motion for Summary Judgment, together with certain exhibits attached thereto, be sealed, from the public docket partially or in full as appropriate, in order to maintain the confidentiality of certain information. The confidential information sought to be sealed may be accessed by both Parties in this case.[1]

Charter respectfully requests permission to redact and file under seal certain sensitive, propriety business information of Charter, including confidential programmer carriage agreements and financial analyses, as well as testimony describing these agreements and analyses.  That information is contained in the following documents:

- Defendant's Memorandum of Law in Support of Defendant's Motion for Summary Judgment, page 6

- Defendant's Statement of Material Facts in Support of Defendant's Motion for Summary Judgment, ¶¶ 10, 148, 152

---

[1] Exhibit 66 was designated as Confidential—Attorney's Eyes Only by Compass.  This document will not be shared in unredacted form with Charter personnel or in-house counsel, but is accessible to Charter's outside counsel.

Beijing   Boston   Chicago   Dallas   Hong Kong   Houston   London   Los Angeles   Munich   New York   Palo Alto   Paris   San Francisco   Shanghai

**KIRKLAND & ELLIS LLP**

The Honorable Victor Marrero
April 9, 2021
Page 2

- Exhibit 1 to Declaration of Judson Brown in Support of Summary Judgment, Allan Singer Deposition Transcript at 213:3-9; 221:1-10; 223:14-21; 223:24-224:9; 224:12-19; 251:2-10; 250:19-21; 250:23-25

- Exhibit 10 to Declaration of Judson Brown in Support of Summary Judgment, Julie Unruh Deposition Transcript at 22:16-17; 23:11-13; 45:1-53:4; 53:16-54:2; 54:18-21; 54:23-56:25; 84:17-22

- Exhibit 12 to Declaration of Judson Brown in Support of Summary Judgment

- Exhibit 14 to Declaration of Judson Brown in Support of Summary Judgment

- Exhibit 16 to Declaration of Judson Brown in Support of Summary Judgment

- Exhibit 67 to Declaration of Judson Brown in Support of Summary Judgment

- Exhibit 70 to Declaration of Judson Brown in Support of Summary Judgment

- Exhibit 72 to Declaration of Judson Brown in Support of Summary Judgment

Charter's request comports with Second Circuit case law, which permits judicial documents to remain under seal where legitimate privacy interests outweigh the "common law presumption of access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 119-20 (2d Cir. 2006). The weight of the presumption is based on its value "to those monitoring the federal courts" and may be counterbalanced by "competing considerations." *Id.* In balancing the weight of the presumption of access against countervailing factors, courts consider "the extent of the closure or sealing sought; the potential damage to [a party] from disclosure; the significance of the public interest at stake; the extent to which [a party] intend[s] to prove [its] case by relying on documents [it] seek[s] to withhold from public scrutiny; [and] whether the particular matter is integral or tangential to adjudication." *Standard Inv. Chartered Inc. v. Nat'l Ass'n of Sec. Dealers Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008). Notably, the interest in protecting "business information that might harm a litigant's competitive standing" may be sufficient to "defeat the common law presumption." *Id.*

Under this standard, the Court should permit the requested redactions and sealing. Courts regularly determine that confidential commercial information of the type that Charter proposes to file under seal is "competitive business information" that may be sealed to protect against the competitive harm posed by public disclosure of the information. *Regeneron Pharm., Inc. v. Novartis Pharma AG*, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021); *see also Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015) (collecting cases finding risk of competitive harm is sufficient to overcome presumption of public access); *Playtex*

# KIRKLAND & ELLIS LLP

The Honorable Victor Marrero
April 9, 2021
Page 3

*Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *12 (sealing "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing" because the litigant's "privacy interests and the likely harm they may suffer" outweighed "the presumption of public access"); *Avocent Redmond Corp. v. Raritan Am., Inc.*, 2012 WL 3114855, at *16-17 (S.D.N.Y. July 31, 2012) (sealing "confidential business information," including "market forecasts, sales, inventory management, profit margins, etc." because disclosure "would cause competitive harm"). The information Charter seeks to withhold from public disclosure is moreover irrelevant to this case. *Refco Grp. Ltd., LLC v. Cantor*, 2015 WL 4298572, at *4 (S.D.N.Y. July 15, 2015) (granting redactions to protect commercially sensitive information contained in a license agreement that was between the defendant and "a third party not named or involved in this litigation"). Finally, Charter's proposed redactions and sealing are narrowly tailored to prevent the harm that would result from the disclosure of sensitive and confidential business information. *See Standard Inv.*, 2008 WL 199537, at *16 (recognizing that redaction is a "practical, narrowly tailored strategy for balancing the interest in public access and the interest of one or both parties in the confidentiality of sensitive information"); *Playtex*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (deeming a redaction request "narrowly tailored" where plaintiffs explained that they would be competitively harmed without the redactions); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) ("interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access" where "redaction of only the financial data" was sufficiently tailored).

Additionally, Charter requests permission to file under seal additional information and exhibits solely to respect the confidentiality designations made by Plaintiff Compass Productions International, LLC ("Compass") when it produced this information, pursuant to the Parties' January 9, 2020 Protective Order. ECF 30. Charter does not offer any independent arguments for the appropriateness of maintaining this information under seal. Compass's confidential information is contained in the following documents:

- Defendant's Memorandum of Law in Support of Defendant's Motion for Summary Judgment, pages 2, 5-6, 23

- Defendant's Statement of Material Facts in Support of Defendant's Motion for Summary Judgment, ¶¶ 9, 135-140

- Exhibit 7 to Declaration of Judson Brown in Support of Summary Judgment, Rebecca Friedman Deposition Transcript at 140:25-141:11; 142:12-20; 142:25-143:6; 143:17-23; 144:3-10.

- Exhibit 11 to Declaration of Judson Brown in Support of Summary Judgment, Steven Weiss Deposition Transcript at 146:10-17

KIRKLAND & ELLIS LLP

The Honorable Victor Marrero
April 9, 2021
Page 4

- Exhibit 13 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 15 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 17 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 19 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 20 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 21 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 23 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 24 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 25 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 29 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 31 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 35 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 37 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 38 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 39 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 40 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 41 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 42 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 43 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 44 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 45 to Declaration of Judson Brown in Support of Summary Judgment

# KIRKLAND & ELLIS LLP

The Honorable Victor Marrero
April 9, 2021
Page 5

- Exhibit 46 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 47 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 49 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 55 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 56 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 57 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 59 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 61 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 62 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 63 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 64 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 65 to Declaration of Judson Brown in Support of Summary Judgment
- Exhibit 66 to Declaration of Judson Brown in Support of Summary Judgment

For these reasons, Charter respectfully requests that the Court permit the continued sealing of the information identified above.

## KIRKLAND & ELLIS LLP

The Honorable Victor Marrero
April 9, 2021
Page 6

Sincerely,

*s/ Judson Brown, P.C.*

Judson Brown, P.C. (*pro hac vice*)
Devin S. Anderson (*pro hac vice*)
K. Ross Powell (*pro hac vice*)
Kristen L. Bokhan (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000

John P. Del Monaco
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-4800

*Attorneys for Defendant*



Request GRANTED. Charter's request to redact or seal the materials listed above is granted.

SO ORDERED.

4/14/2021
DATE

VICTOR MARRERO, U.S.D.J.